[No. 37730. Department Two. August 5, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. RAY PIERRE, *Appellant.**

*Burkey, Marsico & Rovai*, by *Robert L. Rovai* and *Steele & McGoffin*, by *Keith D. McGoffin*, for appellant (Appointed counsel for appeal).

*John G. McCutcheon* and *Schuyler J. Witt*, for respondent.

PER CURIAM.—The appellant, an enrolled member of a British Columbia Indian tribe, was convicted of the crime of carnal knowledge in the superior Court of Pierce County. The crime was alleged to have been committed on January 16, 1964, and the proof indicated that the situs of the crime was on property owned by non-Indians but within the boundaries of the original Puyallup Indian reservation.

By this appeal, the appellant questions the jurisdiction of the state court, contending that exclusive jurisdiction lies with the federal government.

In our opinion, the superior court clearly had jurisdiction under Laws of 1963, chapter 36, § 1, p. 346 (RCW 37.12.010-.060) wherein the State of Washington assumed

*Reported in 404 P.2d 788.

[C]riminal and civil jurisdiction over Indians and Indian territory, reservations, country, and lands within this state in accordance with the consent of the United States given by the act of August 15, 1953 (Public Law 280, 83rd Congress, 1st Session), but such assumption of jurisdiction shall not apply to Indians when on their tribal lands or allotted lands within an established Indian reservation and held in trust by the United States . . . .

The land upon which the crime is alleged to have been committed does not come within the exception noted in the statute.

The judgment is affirmed.