[No. 71-41263-2. Division Two. February 26, 1970.]

*In the Matter of the Application for a Writ of Habeas Corpus of* ROSS R. MILLER, *Petitioner, v.* B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*

*Ross R. Miller,* pro se.

*Slade Gorton, Attorney General,* and *Wm. L. Britton, Assistant,* for respondent.

ARMSTRONG, C. J.—Ross R. Miller was charged with the crime of attempting to obtain a narcotic drug by fraud. At his arraignment before the Pierce County Superior Court on December 29, 1966, Miller entered a plea of guilty. He was represented at that time by retained counsel. He was adjudged guilty and sentenced to confinement in a penal institution for not more than 20 years. The sentence was suspended. on the condition that Miller be confined for a period of 90 days in the Pierce County jail and that he

abide by the rules and regulations promulgated by the Board of Prison Terms and Paroles. The suspension was subsequently revoked for violation of probation, his sentence was executed, and Miller is presently confined in the Washington State Penitentiary.

Miller's petition for a writ of habeas corpus alleges that his plea of guilty was not voluntarily given, but was the result of coercion, that the trial court accepted his plea without determining its voluntariness, and that the trial court failed to ask him if he had any reason why judgment and sentence should not be pronounced. Petitioner's supporting affidavit states facts, which, if true, demonstrate the use of threats and coercion by the investigating officers, affecting the voluntariness of his guilty plea.

Miller's allegations are directed to the single question of whether he voluntarily and understandingly entered his plea of guilty. An examination of the record indicates that the trial court failed entirely to inquire of the petitioner personally whether his plea was the product of coercion or whether it was otherwise voluntarily and understandingly made in accordance with the guidelines set forth in *In re Woods v. Rhay*, 68 Wn.2d 601, 605, 414 P.2d 601 (1966).

The United States Supreme Court has ruled in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), that a silent record on the issue of whether defendant voluntarily and understandingly entered a guilty plea constitutes reversible error under the due process clause of the fourteenth amendment to the United States Constitution. As in the case at bar, Boykin was represented by counsel at arraignment.

The central question then becomes whether *Boykin* is to have retroactive application to the circumstances of the case at bar. We think that *Boykin* is not intended to have such retroactivity. The question has been considered in other jurisdictions with the overwhelming consensus being that *Boykin* is of prospective application only. *In re Tahl*, 1 Cal. 3d 122, 81 Cal. Rptr. 577, 460 P.2d 449 (1969); *Commonwealth v. Godfrey*, 434 Pa. 532, 254 A.2d 923 (1969);

*Ernst v. State,* 43 Wis. 2d 661, 170 N.W.2d 713 (1969); *State v. Griswold,* 105 Ariz. 1, 457 P.2d 331 (1969); *Crego v. State,* 447 S.W.2d 550 (Mo. 1969); *Hall v. State,* 228 So. 2d 863 (Ct. of Crim. App. Ala. 1969); *Montanye v. State,* 7 Md. App. 627, 256 A.2d 706 (1969); *Silverberg v. Warden,* 7 Md. App. 657, 256 A.2d 821 (1969); *United States ex rel. Wiggins v. Pennsylvania,* 302 F. Supp. 845 (E.D. Pa. 1969). *See also Endsley v. Cupp,* 459 P.2d 448 (Ore. App. 1969).

 We find the analysis of the Supreme Court of California in *In re Tahl, supra,* most persuasive. The court analyzed the determinations of the United States Supreme Court in *Boykin, supra, McCarthy v. United States,* 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969), and *Halliday v. United States,* 394 U.S. 831, 23 L. Ed. 2d 16, 89 S. Ct. 1498 (1969), in reaching its conclusion as to prospective application. *Halliday* denied retroactivity to *McCarthy* in which the court considered a question which was essentially the federal counterpart to the *Boykin* question. *Halliday* set forth three criteria to aid in the determination of retroactivity of constitutional rulings: (1) the purpose of the new rule; (2) the extent of reliance upon the old rule; and (3) the effect upon the administration of justice.

The California Court determined that the most significant of the above factors were the extent of reliance on the old rule and the effect on the administration of justice, and stated that:

> To invalidate all such prior guilty pleas years and decades after their acceptance would have a dolorous effect upon the administration of justice.

*In re Tahl,* 81 Cal. Rptr. at 586.

The rule of *Boykin* has not been the rule in Washington. While *In re Woods v. Rhay, supra,* set forth adequate guidelines for the trial courts in accepting guilty pleas, our Supreme Court there held that failure on the part of the trial judge to fully determine the voluntariness of a plea does not necessarily constitute a deprivation of due process of law although a failure lends itself to such a claim.

In applying the three criteria of *Halliday* we feel that

reliance upon the old rule of *Woods,* considered with the dolorous effect upon the administration of justice of the retroactive application of the Boykin rule, necessitates our conclusion that the Boykin rule should not be applied to the circumstances of Ross R. Miller's conviction. The rule of *Boykin* should not be applied to guilty pleas accepted prior to June 2, 1969, the date of that decision.

We feel, however, in light of the totally silent record and petitioner's allegations, that an evidentiary hearing confined to the question of the voluntariness of petitioner's guilty plea would best serve the administration of justice.

Petitioner Ross R. Miller is remanded to the custody of the sheriff of Pierce County to be held for appropriate proceedings and the taking of testimony to determine whether he voluntarily and understandingly entered his plea of guilty. This hearing shall be held before a judge who was not involved in the challenged proceedings. If petitioner desires to be represented by counsel and is indigent, the superior court shall make a finding that petitioner is indigent and unable to pay the costs of counsel. The superior court shall then appoint counsel at public expense. Petitioner is to be accorded the privilege of attending the hearing in person and the right to summon such witnesses as the superior court may order. The respondent shall have the responsibility of promptly noting the hearing and serving notice on the other parties.

If it is determined that petitioner's plea was voluntarily and understandingly given, the conviction will stand and defendant will be returned to confinement in the Washington State Penitentiary for the duration of the term of his sentence. If it is determined that his guilty plea was not voluntarily and understandingly given, the trial court is then directed to vacate the judgment and sentence and to grant petitioner a new trial.

It is so ordered.

PEARSON and PETRIE, JJ., concur.