David **FORD**, Petitioner-Appellant,

v.

John W. **WINGO**, Warden, Respondent-Appellee.

No. 72–1627.

United States Court of Appeals, Sixth Circuit.

Jan. 3, 1973.

David Ford, pro se.

Ed W. Hancock, Atty. Gen., Jack D. Guerrant, Asst. Atty. Gen., Frankfort, Ky., on brief for respondent-appellee.

Before PHILLIPS, Chief Judge, Mc-CREE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Ford was convicted of store house breaking and sentenced for a period of five years in the Kentucky State Penitentiary. He appeals the order of the District Court denying his petition for a writ of habeas corpus without an evidentiary hearing. The petition states that he filed a motion to vacate sentence in 1971 in the Warren Circuit Court at Bowling Green, Kentucky; that the State Circuit Court overruled his motion; and that the Court of Appeals of Kentucky affirmed. The District Court correctly held that Ford has exhausted his State remedies as required by 28 U.S.C. § 2254.

In his petition for habeas corpus, Ford contends that he was deprived of the effective assistance of counsel. He claims that the attorney employed by his mother failed to call certain witnesses on his behalf and that the attorney did not discuss or plan the course of action. In his "Rebuttal" he asserts that "the representation that he received from counsel was a sham, a farce and a mockery of justice and that counsel did not present petitioner's cause in any fundamental respect." He also claims that he was convicted upon uncorroborated testimony of an accomplice.

In dismissing the petition the District Court held that the averments of petitioner are conclusory and do not state

any facts requiring an evidentiary hearing. The District Court held that:

> "[H]e must allege facts, not conclusions, which, if true, would demonstrate that his counsel was ineffective to the extent that his trial was a farce and mockery of justice. Giving the most generous interpretation to petitioner's allegations, such a conclusion is not lawfully possible."

 We hold that the District Court did not commit reversible error in refusing to conduct an evidentiary hearing under the averments of the petition.

 In his behalf on appeal, Ford avers that during the course of his trial, the State trial judge stood up from the bench and said:

> "Hold it a minute . . . the defendant's past record is supposed to have some bearing because that is what we are trying him on, the past record."

This contention does not appear in the petition for writ of habeas corpus or the document which Ford filed as a rebuttal to the return. Under long settled rules this issue cannot be raised for the first time at the appeal level.

Affirmed.

McCREE (concurring in part and dissenting in part).

I agree that appellant cannot raise on appeal for the first time the contention that the state trial judge committed constitutional error by making the statement attributed to him in appellant's brief. However, I would not hold an unrepresented litigant to the standards of precision in pleading expected of trained counsel. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972).

An examination of the file indicates that the District Court sent appellant a questionnaire requesting him to furnish details about his petition for a writ of habeas corpus. In response to the direction to state concisely the grounds on which he based his claim of ineffective assistance of counsel, appellant responded, "refused to call witnesses in behalf of accused."

If appellant had witnesses and his trial counsel refused to call them without good cause, appellant would be entitled to relief. At a minimum the District Court should have examined the transcript to see if this was true. If such an examination were inadequate to ascertain the truth of the contention, then an evidentiary hearing would have been required. To dismiss such an averment as conclusional disregards precedent and punishes appellant for his lack of professional training or representation by trained counsel.

I would reverse and remand for an examination of the transcript or for the holding of an evidentiary hearing if required.