[No. 629-3.    Division Three.    April 16, 1973.]

*In the Matter of the Application for a Writ of Habeas Corpus of* HARRY I. LITTLE, *Appellant,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*

MUNSON, J., concurs by separate opinion; GREEN, C.J., dissents by separate opinion.

*Ronald K. McAdams,* for appellant (appointed counsel for appeal).

*Slade Gorton, Attorney General,* and *Stephen G. Jamieson, Assistant,* for respondent.

McINTURFF, J.—Petitioner Harry I. Little appeals from the denial of his application for a writ of habeas corpus.

In his application petitioner alleged that: Following his conviction by a jury on June 20, 1967 of one count of indecent liberties and one count of sodomy, the prosecuting attorney for King County filed a supplemental information charging him with being an habitual criminal. Thereafter, an attorney was appointed to represent him. On the day of trial petitioner informed his attorney that he wanted a jury trial. Petitioner claims his attorney informed him the hearing was to determine if previous convictions could be used against him on the charge. A hearing was then conducted before the court without a jury. The court found petitioner to be an habitual criminal and sentenced him to life imprisonment.

The return and answer filed by the State of Washington on April 2, 1971 asserted that petitioner had waived his right to trial by jury. Attached thereto were the findings entered by the trial court on October 6, 1967, reciting that petitioner had waived his right to trial by jury. The state recited in its answer that the preparation of a statement of facts supporting that finding had been requested.

On May 4, 1971 a supplemental return and answer was filed by the state, alleging that the statement of facts in the habitual criminal proceedings was silent regarding petitioner's waiver of a jury trial. This leaves the finding of fact without any evidentiary basis. Attached to the supplemental return was the affidavit of Mr. Lewis, petitioner's appointed attorney, which states that he informed petitioner of his right to trial by jury, and that petitioner waived it.

Petitioner moved to strike the Lewis affidavit upon the ground it was hearsay and incompetent as evidence. The

trial court denied the motion and proceeded to consider the affidavit on file and denied the application for a writ of habeas corpus.

Thereafter a rehearing was granted to allow petitioner to present affidavits or testimony countering his former attorney's affidavit. A subsequent motion for authority to issue subpoenas to two King County deputy sheriffs was denied. Affidavits of these two deputies were obtained and filed. In essence, these affidavits stated that they could not recall whether petitioner expressed a desire to waive his right to jury trial. Also filed was the affidavit of the deputy prosecuting attorney, who stated that he witnessed a conversation between the trial judge and petitioner's counsel; that petitioner's former counsel left the judge's chambers, announcing he would advise petitioner of his right to a jury trial.

Based upon these affidavits, petitioner's testimony, and the documents on file, the trial court entered findings of fact, conclusions of law, and an order denying the application for writ of habeas corpus.

The sole issue we reach on this appeal is whether the trial court erred in refusing to allow petitioner a full and fair evidentiary hearing by placing sole emphasis upon the affidavits.

■ If a petitioner's allegations raise a serious question of fact concerning the denial of constitutional rights, and the record is inadequate for an appropriate determination

> this case should be remanded to the trial court for a full, factual hearing, affording the petitioner a fair and reasonable opportunity to call witnesses in his behalf, and to produce documentary or other evidence in support of his claims, if such evidence exists.

*Scruggs v. Rhay,* 70 Wn.2d 755, 763, 425 P.2d 364 (1967). *See also Ritchie v. Rhay,* 63 Wn.2d 508, 387 P.2d 967 (1963). Under the statutory scheme of RCW 7.36, if the petition is sufficient in form, directed to the proper court, and states sufficient facts showing petitioner is illegally detained, a fair evidentiary hearing must be granted.

*Scruggs v. Rhay, supra; Piche v. Rhay,* 422 F.2d 1309 (9th Cir. 1970); *Miller v. Rhay,* 1 Wn. App. 1010, 466 P.2d 179 (1970). The petition in the instant case meets these requirements.

■ Whether there is a waiver of a right to a jury trial is a serious question of both fact and law, which entitles one to an evidentiary hearing to determine the validity of his claim. When affidavits are controverted by other affidavits and by testimony, a serious factual question is presented.

A jury trial in a criminal case is a matter of constitutional right, which has been made applicable to the states through the due process clause of the Fourteenth Amendment. *Duncan v. Louisiana,* 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444 (1968). The Washington Constitution, article 1, section 21, has all along provided "[t]he right of trial by jury shall remain inviolate." *State v. Furth,* 5 Wn.2d 1, 104 P.2d 925 (1940); *State v. Robinson,* 2 Wn. App. 39, 466 P.2d 164 (1970). This right may be waived but the waiver must be intelligently, voluntarily and freely given. *State v. Lane,* 40 Wn.2d 734, 246 P.2d 474 (1952). Waiver is not to be presumed, but must be knowing, and with the understanding of the petitioner, who is not necessarily bound by the decision or default of his counsel. *Humphrey v. Cady,* 405 U.S. 504, 31 L. Ed. 2d 394, 92 S. Ct. 1048 (1972). Moreover, courts indulge every reasonable presumption against the waiver of fundamental constitutional rights. *Griffith v. Rhay,* 282 F.2d 711 (9th Cir. 1960); *cert. denied,* 364 U.S. 941, 5 L. Ed. 2d 373, 81 S. Ct. 460 (1961); *Ritchie v. Rhay, supra; Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019 (1937).

Decisions of the United States and Washington Supreme Courts make it clear that the writ of habeas corpus is meant to be a meaningful vehicle for postconviction relief. *Townsend v. Sain,* 372 U.S. 293, 9 L. Ed. 2d 770, 83 S. Ct. 745 (1963); *Fay v. Noia,* 372 U.S. 391, 9 L. Ed 2d 837, 83 S. Ct. 822 (1963); *Scruggs v. Rhay, supra; Honore v. Board of*

*Prison Terms & Paroles,* 77 Wn.2d 660, 466 P.2d 485 (1970).

■ Affidavits sworn under the penalty of perjury are presumptively true. Giving the present affidavits this presumption, and further presuming against waiver of a constitutional right where the record is silent, a serious factual issue is presented and a full and fair hearing is required.

■ Inherent in the concept of granting petitioner a hearing is the due process concept of a full and fair hearing. More than a mere contravening affidavit is required to sound the death knell for the constitutional concept of a fair hearing. Courts cannot adequately determine credibility from mute notations; truth cannot be fully gleaned from silent hearsay on a written page. This does not mean that affidavits may not be considered. *See Somday v. Rhay,* 67 Wn.2d 180, 406 P.2d 931 (1965); *Little v. Rhay,* 68 Wn.2d 353, 413 P.2d 15 (1966), *cert. denied,* 385 U.S. 96, 17 L. Ed. 2d 196, 87 S. Ct. 331 (1966). Nevertheless, they should be considered by the court only to assist in formulating issues of fact. They may not in and of themselves be used to conclusively decide ex parte disputed questions of material fact. *Machibroda v. United States,* 368 U.S. 487, 7 L. Ed. 2d 473, 82 S. Ct. 510 (1962); *Walker v. Johnston,* 312 U.S 275, 85 L. Ed. 830, 61 S. Ct. 574 (1941); *Sanders v. United States,* 373 U.S. 1, 10 L. Ed. 2d 148, 83 S. Ct. 1068 (1963); *Schiebelhut v. United States,* 357 F.2d 743 (6th Cir. 1966); *Scott v. United States,* 349 F.2d 641 (6th Cir. 1965).

■ Although the Sixth Amendment right to confront witnesses a la *Pointer v. Texas,* 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965); *Barber v. Page,* 390 U.S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318 (1968); *Berger v. California,* 393 U.S. 314, 21 L. Ed 2d 508, 89 S. Ct. 540 (1969) may not be applicable to habeas corpus proceedings based on the rationale that habeas corpus is a civil proceeding, the due process of law clauses in the Fifth and Fourteenth Amendments give one the opportunity to cross-examine in civil proceedings as a matter of constitutional right. *Goldberg v. Kelly,* 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970);

*Greene v. McElroy,* 360 U.S. 474, 496, 3 L. Ed. 2d 1377, 79 S. Ct. 1400 (1959); *Bailey v. Richardson,* 341 U.S. 918, 95 L. Ed. 1352, 71 S. Ct. 669 (1950); *Willner v. Committee on Character & Fitness,* 373 U.S. 96, 10 L. Ed. 2d 224, 83 S. Ct. 1175, 2 A.L.R.3d 1254 (1963). As noted in 1 C. Antieau, *Modern Constitutional Law* § 7:16 (1969) at 548:

> Once committed to the adversary system in our search for truth, we must acknowledge the right of all parties in civil litigation to confront those who will give evidence for an adversary—only thus is there a reasonable opportunity of checking and verifying testimony.

In *Townsend v. Sain, supra* at 313, the Supreme Court held that petitioner was entitled to a plenary hearing to determine whether or not the allegations advanced in his petition were true, and whether he was being illegally confined. The court further made it clear that where state court proceedings were inadequate, federal court judges would grant hearings de novo:

> We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

Five of the circumstances above enumerated are lacking in the instant case. There is little doubt that petitioner could acquire another hearing at the federal level.[1] Therefore we

---

[1] There are several well-written treatises evaluating problems facing state and federal courts in handling writs. *See Habeas Corpus and the State Prisoner,* 3 Gonz. L. Rev. 115 (1968); *The Development of the Plenary Hearing Requirements in Federal Habeas Corpus for Prisoners,* 34 Brooklyn L. Rev. 247 (1968); *Developments in the Law, Federal Habeas Corpus,* 83 Harv. L. Rev. 1038 (1970).

remand the instant case for a full and fair hearing in accordance with *Scruggs v. Rhay, supra.*

MUNSON, J. (concurring)—I am constrained to concur with Judge McInturff. The factual posture of the record requires this court to order an evidentiary hearing.

In *Schiebelhut v. United States,* 357 F.2d 743 (6th Cir. 1966) at 745 the court stated:

> If the material available to the [trial judge] was limited to the pre-plea colloquy, the charges of . . . petition and the government's opposing affidavits, and if petitioner's charges had the required specificity, we would, . . . remand for the holding of a hearing. The record, however, contains more.

The record before us does not contain "more." I am advised petitioner testified at the superior court hearing on this petition. That record, however, is not before us.

The record does reflect that defendant, after having been convicted of a felony, was accused of being an habitual criminal, based on six prior felony convictions. It now appears two of these convictions may be void under *Loper v. Beto,* 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014 (1972). The other four, on their face, meet the prevailing constitutional standards. *United States v. Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972); *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967); *Gideon v. Wainright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963). It would appear, even if defendant is granted a rehearing before a jury on the habitual criminal issue, there is still sufficient evidence with which to justify a finding of that status. Thus, to so utilize the court's time is not in keeping with good judicial administration. However, that is not an issue presently before us.

At the trial on the habitual criminal accusation, defense counsel advised the court in chambers the defendant waived his right to a jury trial. No record was made of that waiver. Petitioner now alleges that he did not knowingly waive his right to jury trial. This allegation is controverted

by affidavits of trial counsel for the respective parties and the court's findings. However, petitioner's allegations are more than "bald conclusions unsupported by allegation of fact." *Martinez v. United States,* 344 F.2d 325 (10th Cir. 1965). The affidavits served to formulate a serious factual issue on the question of waiver. While I personally might form an opinion on the merits of that issue after reading the documentation before us, that is not proper at this time. *Ford v. Wingo,* 472 F.2d 148 (6th Cir. 1973); *Dixon v. Caldwell,* 471 F.2d 767, 771 (5th Cir. 1972). Having so formulated the material issue, the affidavits have served their purpose, *i.e.,* to require an evidentiary hearing. *Fontaine v. United States,* 411 U.S. 213, 36 L. Ed. 2d 169, 93 S. Ct. 1461 (1973); *Machibroda v. United States,* 368 U.S. 487, 7 L. Ed. 2d 473, 82 S. Ct. 510 (1962).

GREEN, C.J. (dissenting)—I dissent. In my judgment, the majority opinion nullifies RCW 7.36.120; further, it prohibits the use of affidavits in reaching decisions on writs of habeas corpus contrary to *Somday v. Rhay,* 67 Wn.2d 180, 406 P.2d 931 (1965) and *Little v. Rhay,* 68 Wn.2d 353, 413 P.2d 15, *cert. denied,* 385 U. S. 96, 17 L. Ed. 2d 196, 87 S. Ct. 331 (1966). Further, the decision will require a full evidentiary hearing every time a petitioner makes a *bare, uncorroborated* allegation that he has been denied a constitutional right, even though the allegation is conclusively controverted by substantial affidavit and petitioner testifies in person when the writ is heard. Frivolous allegations, under the majority holding would be presumed true and require a full evidentiary hearing to determine their frivolity. I do not believe this result is compelled by the cited decisional or constitutional law.

The scope of the hearing upon application for writ of habeas corpus is set forth in RCW 7.36.120:

> The court or judge shall thereupon proceed *in a summary way* to hear and determine the cause, and if no legal cause be shown for the restraint or for the continuation thereof, shall discharge the party.

(Italics mine.) In disposing of an application for writ of

habeas corpus, it is proper to make a determination based upon affidavits. *Somday v. Rhay, supra; Little v. Rhay, supra.* Evidentiary hearings may be required where a petitioner raises a "serious question of fact" regarding an alleged denial of a constitutional right. *Scruggs v. Rhay,* 70 Wn.2d 755, 425 P.2d 364 (1967).[2] I am unable to find in this record that a "serious question of fact" is presented.

The petition on file alleges essentially that petitioner did not waive his right of trial by jury, at all times told his court-appointed counsel that he wanted a jury trial and that he never realized that he was on trial when the matter was heard; rather, he thought the hearing at which he was convicted was for the sole purpose of deciding what convictions could be used against him on the habitual charge. Petitioner testified at the time his petition was heard. Since no statement of facts was filed on appeal, we do not know what petitioner said but presume his testimony reaffirmed his allegations.

In addition to petitioner's testimony, the court considered the affidavit of court-appointed counsel:

That he [appointed counsel] met with the Honorable Judge Utter in chambers immediately prior to the commencement of said proceedings on said date and in the company of the counsel for the State; that said Judge then inquired as to whether the question of petitioner's status as an habitual criminal was to be tried to the court or to a jury. That your affiant responded that he would inquire of the petitioner.
That your affiant left the Judge's chambers and conferred with petitioner. That your affiant then advised petitioner that petitioner had a right to trial of the question to a jury. That your affiant further advised petitioner that, in your affiant's opinion as an attorney, no useful purpose would be served by trial of the question to a jury. That petitioner informed your affiant that he would waive his right to trial of the question to a jury.

[2]In *Scruggs* the affidavit of court-appointed counsel for petitioner was inconclusive on the constitutional question raised by petitioner's allegations; and therefore, a "serious question of fact" was presented requiring an evidentiary hearing.

That whereupon your affiant returned to the Judge's chambers and informed the Honorable Judge Utter of the petitioner's desire to waive trial of the question to a jury. That immediately thereafter the proceedings commenced in open court.

and the affidavit of the deputy prosecuting attorney:

That he has examined portions of the affidavit of Roger I. Lewis, attorney at the trial for Harry Little, defendant; that he has not had the opportunity to examine personal trial notes or the file in the office of the King County Prosecuting Attorney, but do not believe they would reveal whether or not the defendant was advised of his right to a trial by jury in open court;

That to the best of his knowledge, when the matter came on for trial, he and Mr. Lewis conferred with Judge Utter in chambers prior to actual commencement of the trial; that the matter of whether the defendant desired a trial by jury was discussed; that Mr. Lewis then conferred with the defendant and that no jury was called; that he does not specifically have any recollection of the defendant being advised or questioned in open court concerning waiver of the jury, but that it would have been possible, based on recollection of *the practice at the time, and the knowledge and experience that court reporters do not always record (or did not at that time) preliminary proceedings.*

(Italics mine.) Also considered were affidavits of two sheriff's deputies, as stated in the majority opinion. In addition, the findings entered in the habitual proceedings recited that petitioner waived his right to trial by jury. Finally, the trial court had before it the fact that petitioner was just convicted *by a jury* of one count of indecent liberties and one count of sodomy. Further, he had four prior felony convictions; larceny, assault with a deadly weapon, second-degree burglary, murder in the second degree. Also, there were two other convictions on pleas of guilty for grand larceny and larceny.

With this record before it, the trial court found that petitioner failed to sustain his burden of proving by a preponderance of the evidence that he did not waive his right to trial by jury on the habitual charge. I agree. The trial

court was in a position to entirely disbelieve petitioner's oral testimony in light of all of the facts disclosed in the record before it. In essence this is what it did.

It is implicit in the trial court's decision that petitioner failed to establish either by his testimony or by affidavit that a serious factual constitutional issue existed; thus, a full evidentiary hearing was unnecessary. *Scruggs v. Rhay, supra.* The controverting affidavit by petitioner's court-appointed counsel was clear and unmistakable and not inconclusive as was the affidavit in *Scruggs v. Rhay, supra.* The sheriff's deputies did not corroborate petitioner's contentions nor contradict the affidavit of court-appointed counsel. In these circumstances, I do not believe the trial judge was required to presume the truthfulness of the petitioner's testimony, as stated in the majority opinion, because he had the opportunity to observe petitioner's demeanor and weigh his credibility. The affidavit of his court-appointed counsel was properly considered along with the other evidence, *Somday v. Rhay, supra; Little v. Rhay, supra.*

Whether a full evidentiary hearing is required should depend upon the facts of each case. To require such a hearing on the facts of the instant case would necessitate a *full* evidentiary hearing for every petitioner who makes a *bare, uncorroborated* allegation, frivolous or not, that his constitutional rights have been violated even where those allegations are conclusively controverted by affidavit, and petitioner is present and testifies in support of his allegations. This I do not believe we are required to do. To do so renders the instruction in RCW 7.36.120 for courts to proceed in a "summary way" to hear and determine applications for habeas corpus meaningless.

No case cited by the majority parallels the facts of this case. As a consequence, I do not believe those cases mandate that the broad general principles recited therein must be applied in every case at the expense of a commonsense approach to the particular facts presented.[3] That a case

[3]In *Schiebelhut v. United States,* 357 F.2d 743 (6th Cir. 1966), at 747, the court observed:

may be disposed of on affidavits and answers to interrogatories by petitioner without a full evidentiary hearing is recognized in *Schiebelhut v. United States,* 357 F.2d 743 (6th Cir. 1966) cited in the majority opinion. Here the trial court had the benefit of petitioner's oral testimony.

I would affirm the denial of the application for the writ.

"In *Orlando* [*United States v. Orlando,* 327 F.2d 185 (6th Cir. 1964), *cert. denied,* 379 U.S. 825, 13 L. Ed. 2d 35, 85 S. Ct. 50], Judge Miller construed *Machibroda* [*Machibroda v. United States,* 368 U.S. 487, 7 L. Ed. 2d 473, 82 S. Ct. 510 (1962)] as holding that a petitioner is not automatically entitled to a full hearing no matter how 'palpably incredible his allegations may be' and that 'the statute does not strip the district courts of all discretion to exercise their common sense.' We recognize that the relevant language of *Machibroda* had literal reference to the necessity of bringing the petitioner into court but we think it had broader implications which have application here."