GREEN, Judge.
Diane Hall timely appeals the trial court’s judgment and sentence adjudicating her guilty of vehicular homicide and' sentencing her to 120 months in prison. We affirm.
Hall was charged by information with vehicular homicide in violation of section 782.071(1), Florida Statutes (Supp.1996). The charge arose from a motor vehicle accident which occurred on West Boundary Road, also known as Bureau of Indian Affairs Road 182 (BIA Road 182), which is entirely located within the Big Cypress Indian Reservation. The accident resulted in the drowning death of Hall’s cousin, Tina Miller, who was a passenger in the motor vehicle Hall was driving.
Hall presents three points on appeal. She contends the trial court erred in denying her motion to dismiss for lack of jurisdiction because the criminal offense occurred on BIA Road 182, which runs through Big Cypress Indian Reservation but is owned and maintained by a federal agency, the Bureau of Indian Affairs. She also contends the trial court erred in adding points for victim injury in this vehicular homicide case. Last, she contends that *937 the sentence imposed according to the guidelines exceeds the statutory maximum sentence for vehicular homicide.
We first deal with the jurisdictional issue. Hall does not dispute that the circuit court for Hendry County exercises jurisdiction over criminal cases that arise within the Big Cypress Indian Reservation. However, Hall contends that BIA Road 182 is not a part of Big Cypress Indian Reservation because it is a federal road which has never been conveyed to any other entity, including the reservation.
Hall filed a motion to dismiss alleging that the state of Florida lacked jurisdiction to prosecute crimes which occurred on this road because of exclusive federal ownership and control. Testimony revealed that BIA Road 182 is under the exclusive jurisdictional control of the United States. Hendry County does not maintain the road or have any other financial involvement with it. The road and land that it runs on, including a 100-foot right-of-way, is owned and maintained by the United States Department of Interior, Bureau of Indian Affairs. Hall’s motion to dismiss for lack of jurisdiction was denied. She then entered a guilty plea pursuant to a plea agreement, reserving her right to appeal the denial of her motion to dismiss.
Hall acknowledges that the United States authorized the states to exercise jurisdiction by legislative enactment over civil and criminal offenses committed by or against Indians or other persons within Indian reservations. See Act of August 15, 1953, No. 280, § 7, 67 Stat. 588, 590 (1953).[1] This Act, also known as Public Law 280, gave the states the ability to assume jurisdiction over criminal and civil offenses occurring on “Indian country” by amending Titles 18 and 28 of the United States Code. Section 7 of Public Law 280 reads as follows:
The consent of the United States is hereby given to any other state not having jurisdiction with respect to criminal offenses or civil causes of action, or with respect to both as provided for in this act, to assume jurisdiction, at such time and in such manner as. the people of the state shall, by affirmative legislative action, obligate and bind the same to assumption thereof.
Under the authority’of the above-mentioned statute, in 1961, the state of Florida enacted section 285.16, which provides: “(1) The [sjtate of Florida hereby assumes jurisdiction over criminal offenses committed by or against Indians or other persons within Indian reservations and over civil causes of actions between Indians or other persons or to which Indians or other persons are parties rising within Indian reservations.” § 285.16, Fla. Stat. (1995).
Furthermore, “Indian country” has been defined in 18 U.S.C. § 1151 (1999), as follows:
Except as otherwise provided in sections 1154 and 1156 of this title, the term “Indian country”, as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction" of the United States, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.
As noted previously, BIA Road 182 is located entirely within Big Cypress Indian Reservation. Cases involving rights-of-way running through Indian lands associate rights-of-way with the land, unless-treaties or title reservations dictate to the contrary. . See Ortiz-Barraza v. United *938 States, 512 F.2d 1176 (9th Cir.1975) (holding state highway rights-of-way running through an Indian reservation remain part of the reservation and within the territorial jurisdiction of the tribal police); Gourneau v. Smith, 207 N.W.2d 256 (N.D.1973) (holding state highways within boundaries of Indian reservation are a part of reservation); Somday v. Rhay, 67 Wash.2d 180, 406 P.2d 931 (1965) (holding superior court had jurisdiction to try enrolled member of confederated Indian tribe accused of second-degree assault, where crime occurred on highway right-of-way which lay upon and ran across property not included in tribal or allotted land within statute by which state assumed civil and criminal jur-. isdietion over Indians and Indian territory, except as to Indians when on tribal lands or allotted lands within established Indian reservation). We therefore conclude that because the situs of the subject accident was on Bureau of Indian Affairs Road 182, and because the road falls within the definition of Indian lands, it fell within the jurisdiction of the circuit court in Hendry County.[2]
We affirm the trial judge’s assessment of points for victim injury in this vehicular homicide case based on the authority of Wendt v. State, 711 So.2d 1166 (Fla. 2d DCA 1998). We also affirm Hall’s guidelines sentence of 120 months in Florida State Prison, which exceeds the statutory maximum sentence of five years in Florida State Prison. See § 775.082(3)(d), Fla. Stat. (Supp.1996); § 921.001(5), Fla. Stat. (1995); Mays v. State, 717 So.2d 515 (Fla.1998). We therefore affirm the appellant’s judgment and sentence.
CAMPBELL, A.C.J., and NORTHCUTT, J., Concur.

. Congress repealed section 7 of the act of August 15, 1953 (67 Statute 588), “but such repeal shall not affect any cession of jurisdiction made pursuant to such section prior to its repeal.” 25 U.S.C.A. § 1323(b).

. For a discussion on what constitutes Indian lands and associated rights-of-way, see 18 U.S.C.A. § 1151 (West Supp.1999), and cases cited thereunder.