[No. 148-3. Division Three. March 9, 1970.]

*In the Matter of the Application for a Writ of Habeas Corpus of* CLAREN MCBAIN, *Petitioner,* v. ROGER MAXWELL, *as Superintendent of the State Reformatory, Respondent.*

*John M. Watson* (of *Miller, Howell & Watson*), for petitioner.

*Slade Gorton, Attorney General,* and *Paul J. Murphy, Assistant,* for respondent.

MUNSON, J.—Claren McBain was charged with the crime of burglary in the second degree. He was arrested on December 15, 1965 in Richland, and taken before justice court

where an attorney was appointed to represent him. He was then transferred from the city of Richland to the Benton County Jail at Prosser. The following morning an associate of the appointed attorney talked with McBain for approximately 5 minutes before going into Benton County Superior Court wherein McBain entered his plea of guilty. The plea was accepted and a presentence investigation ordered. On December 30, 1965, a hearing on the return of the presentence investigation was held before the Benton County Superior Court, culminating in McBain being sentenced to confinement in a penal institution for not more than 15 years. McBain was paroled from the Department of Institutions on June 12, 1967, but was returned as a parole violator to that department on May 20, 1969.

The petition for writ of habeas corpus alleges McBain's plea of guilty was involuntary and violated the requirements of due process of law in that it was not intelligently and understandingly made in open court with full knowledge of his legal and constitutional rights, and of the consequences of that act. McBain alleges in his affidavit that he did not knowingly waive his privilege against compulsory self-incrimination, his right to trial by jury, or his right to confront his accusers, and the trial court failed to fulfill its duty to him by canvassing said matter with him at the time of entry of his plea.

Examination of the record indicates that the trial court failed entirely to advise McBain: (a) of the maximum possible sentence on the charge; (b) of his right to remain silent; (c) his right to trial by jury; (d) his right to be confronted by his accusers; (e) nor did the trial court inform McBain that a plea of guilty waived these constitutional rights. Further, the court failed to inquire of McBain personally whether his plea was made voluntarily with an understanding of the nature of the charge and the consequences of the plea. *Woods v. Rhay*, 68 Wn.2d 601, 414 P.2d 601 (1966).

Petitioner alleges that *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969) requires this

court to reverse this judgment. This court concurs in *Miller v. Rhay*, 1 Wn. App. 1010, 466 P.2d 179 (1970) (filed February 26, 1970), wherein Court of Appeals, Division 2, held the applicability of *Boykin* not to be retroactive. It should be pointed out, however, that the practical effect of *Boykin*, for those cases arising after June 2, 1969, is to impose upon the state that requirement of Rule 11 of the Federal Rules of Criminal Procedure which states that the court shall not accept a plea of guilty without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.[1]

We feel, however, in the instant case, in light of the totally silent record and petitioner's allegations, that an evidentiary hearing confined to the question of the voluntariness of the petitioner's guilty plea would best serve the administration of justice.

Petitioner, Claren McBain, is remanded to the custody of the Sheriff of Benton County to be held for appropriate proceedings and the taking of testimony to determine whether he voluntarily and understandingly entered his plea of guilty. This hearing shall be held before a judge who is not involved in the challenged proceedings. If McBain desires to be represented by counsel and is indigent, the superior court shall make a finding that he is indigent and unable to pay the costs of counsel. The superior court shall then appoint counsel at public expense. Claren McBain is to be accorded the privilege of attending the hearing in person and the right to summon such witnesses as the superior court may order. The respondent shall have the responsibility of promptly noting the hearing and serving notice on the other parties.

If it is determined that McBain's plea was voluntarily and understandingly given, the conviction will stand and he will be returned to confinement in the Washington State Reformatory for the duration of the term of his sentence. If

---

[1] *Cf.* ABA Project on Minimum Standards for Criminal Justice, *Standards Relating to Pleas of Guilty* § 1.4 (Approved Draft, 1968).

it is determined that his guilty plea was not voluntarily and understandingly given, the trial court is then directed to vacate the judgment and sentence and to grant him a new trial.

It is so ordered.

EVANS, C. J., and GREEN, J., concur.