[No. 766-1.  Division One—Panel 1.  October 18, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY WAYNE WHITE, *Appellant*.

*H. John Aitken*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Byron H. Ward, Deputy*, for respondent.

UTTER, J.—Larry Wayne White pleaded guilty to one count of forgery in the first degree on August 18, 1969, and on August 7, 1970, was sentenced to a term of not more than 20 years imprisonment.

White now seeks to set aside his guilty plea, contending that *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), decided prior to the time his plea was entered, required that he be specifically informed by the trial judge of the constitutional rights thereby waived and of the maximum permissible sentence. From this, White argues the trial court erred in accepting his plea of guilty without first advising him of his privilege against self-incrimination, his right to confront his accusers, and the maximum permissible sentence.

We do not believe *Boykin* establishes such a rigid rule. In that case, a defendant who pleaded guilty to five indictments of common law armed robbery was later sen-

tenced to death—common law armed robbery being a capital offense in Alabama. Insofar as the record showed, the judge did not ask the defendant any questions concerning the plea; nor did it appear that the defendant addressed the court. While there is language in the majority opinion[1] which indicates the judge has a duty to ascertain if the accused understands the nature of the plea and its consequences, it is nowhere stated that he has a duty to specifically inform the accused of the rights being waived and the consequences of the plea. The court's holding rested upon the failure of the record to provide any basis, other than appointment of counsel, for inferring the plea was entered voluntarily and understandingly.

The holding of *Boykin* is satisfied if it appears from the record that the plea was voluntarily entered with a knowledge of the rights being waived and with a realization of the possible consequences; although the judge is under a duty to ascertain that the defendant pleas voluntarily and understandingly, he need not advise the accused of the nature and consequences of the plea. The determination of whether defendant had the required knowledge is made on the totality of the circumstances as revealed by the record. *Boykin* viewed in this light is substantially in accord with the prevailing rule in Washington. *Miesbauer v. Rhay,* 79 Wn.2d 505, 487 P.2d 1046 (1971); cf. *Woods v. Rhay,* 68 Wn.2d 601, 414 P.2d 601 (1966); *State v. Mitchell,* 2 Wn. App. 943, 472 P.2d 629 (1970); *McBain v. Maxwell,* 2 Wn. App. 27, 466 P.2d 177 (1970); and *Miller v. Rhay,* 1 Wn. App. 1010, 466 P.2d 179 (1970), are all cases decided under the rule existing prior to *Boykin.*

---

[1] "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought . . . and forestalls the spin-off of collateral proceedings that seek to probe murky memories." (Footnotes omitted.) *Boykin v. Alabama,* 395 U.S. 238, 243, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969)...

In the instant case the trial judge conscientiously questioned[2] White in the presence of counsel as to whether his plea was voluntarily and intelligently given. He was asked whether he had been advised by counsel of his constitutional rights and whether the matter had been discussed at sufficient length with counsel to enable him to make an intelligent decision as to whether he was guilty. The record in this case leaves us with no doubt the plea was voluntarily and understandingly given. The trial judge did not inquire as to whether White had been advised of the maximum possible sentence, however, it did affirmatively appear that his counsel had discussed the case with

---

[2]"THE COURT: You wish to plead guilty to that charge? THE DEFENDANT: Yes. THE COURT: Mr. White, have you talked the matter over at some length with Mr. Branson? THE DEFENDANT: Yes. THE COURT: Do you feel, Mr. White, that you are fully advised in reference to your constitutional rights? You know that it is your right to have a jury trial, your right to be represented by counsel, your right to call witnesses, that sort of thing? THE DEFENDANT: Yes, I do, your Honor, and I decided to plead guilty. THE COURT: Have you talked with Mr. Branson also about the facts of this particular incident, so that you feel you can make an intelligent decision, Mr. White, as to whether you really are guilty or not? Have you talked with him about the facts of the matter? THE DEFENDANT: Well, yes, I talked to him about the nature of the crime itself, but the arrest, I don't feel, you know, I was justified as far as being arrested when I was arrested. THE COURT: Do you honestly feel that you are guilty of this particular charge? THE DEFENDANT: Yes, I do. . . . THE COURT: Has anybody promised you that you would get probation or deferred sentence? THE DEFENDANT: No, just me and my lawyer talked it over. Nobody has promised that. THE COURT: No, but I want to find out if anybody has promised you that or guaranteed you would get probation? THE DEFENDANT: No. THE COURT: Has anybody threatened you or forced you in any way in connection with this plea of guilty? THE DEFENDANT: No, sir. THE COURT: Mr. White, would it be fair to say that you are entering your plea of guilty freely and voluntarily and that it is of your own free will? THE DEFENDANT: Yes. THE COURT: Now, getting back to this matter of the prosecutor's recommendation, I wonder if you understand, Mr. White, that whatever the prosecutor recommends to me by way of sentence is only a recommendation? THE DEFENDANT: Yes. . . . THE COURT: And, you are willing to do that. Well, now, after our discussion here this morning, Mr. White, do you still feel that you wish to enter a plea of guilty as to Count 1? THE DEFENDANT: I am not being sentenced today, am I? THE COURT: No, no indeed. You are not. THE DEFENDANT: Well, yes, sir. The answer remains the same, guilty."

White at length and that he had been advised of his constitutional rights. In this context we must infer White's counsel performed his fundamental and elementary duty of advising him of the maximum penalty which lawfully could be imposed. Moreover, even if it were assumed the appellant did not know the maximum penalty, we are convinced such ignorance would not have affected the plea, as it was obvious that in the appellant's estimation a trial offered no hope of acquittal. *Miesbauer v. Rhay, supra.*

The judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.