[No. 785-2.    Division Two.    April 20, 1973.]

*In the Matter of the Application for a Writ of Habeas Corpus of* KEVIN WILLIAM LUTTON, *Petitioner,* v. SIDNEY E. SMITH, *Respondent.*

*Lar Halpern,* for petitioner.

*Slade Gorton, Attorney General,* and *Thomas Prediletto, Assistant,* for respondent.

PETRIE, J.—The defendant, Kevin Lutton, by an amended information, was charged in count 1, with possession of a narcotic drug, cocaine, contrary to RCW 69.33.230; and in count 2, with possession of a dangerous drug, LSD, contrary to RCW 69.40.061.

Lutton was represented by appointed counsel at all stages of the criminal proceedings.[1] On February 22, 1971, on the advice of his attorney, he pleaded guilty to both counts. Following a presentence investigation the trial court entered a judgment of guilty upon the defendant's plea and sentenced him to a term of not less than 5 nor more than 20 years on count 1, and to a term of not more than 10 years on count 2, with the sentences to run concur-

---

[1]Counsel on this writ did not represent the defendant at trial.

rently. Lutton was then incarcerated at the state correctional facility at Shelton.

'The defendant now seeks a writ of habeas corpus, contending his confinement is unconstitutional. He specifically alleges that he was denied due process of law in that he did not freely, unequivocally, knowingly and intelligently enter his plea of guilty.

Pursuant to CAROA 56(k), we referred this matter to the Superior Court for Lewis County for the purpose of conducting an evidentiary hearing to resolve the disputed questions of fact pertaining to the voluntariness of defendant's plea.

The findings of fact entered by the trial court reveal that prior to the time Lutton made his plea, both he and his appointed counsel read the statutes which he had been accused of violating. One of these statutes, RCW 69.33.410, prescribed a mandatory minimum sentence of 5 years under certain circumstances.[2] Neither defendant nor his attorney, however, understood the meaning of the mandatory minimum provisions. In fact, defendant was informed by his appointed counsel that in the event he was not placed on probation he would probably serve approximately 18 months in jail upon a conviction on both counts. The court further found that Lutton believed this representation. The findings also indicate that the discussions between the defendant and his attorney centered only upon count 1, and that no discussion was had as to whether a plea of guilty should be entered on one or both counts.

Prior to accepting his plea, the court made some inquiry into the defendant's understanding of the consequences of a guilty plea. It is apparent from a reading of the record that the trial court relied on Lutton's counsel to have advised him of the impact of his plea. The court undertook, through defendant's attorney, to inquire as to whether he was fully

---

[2] The Uniform Narcotic Drug Act, RCW 69.33, was repealed effective May 21, 1971, including the mandatory minimum sentencing provisions of RCW 69.33.410.

aware of the consequences of his plea. The court then asked the defendant:

THE COURT: Mr. Lutton, you have heard the statements of your attorney to the Court, do you have any question in your mind as to the nature of the charges made against you, or as to your rights under the law?

MR. LUTTON: No, I understand.

The defendant was not advised by the court of either the maximum possible sentence or of the mandatory minimum sentence, but instead was told that he "would be liable to confinement in a penal institution for a period of years."

A plea of guilty is valid only when made voluntarily and with *full knowledge of its consequences. Miesbauer v. Rhay,* 79 Wn.2d 505, 487 P.2d 1046 (1971). Whether the defendant was aware of the consequences of his plea is a question to be determined from all the circumstances. *State v. Taft,* 49 Wn.2d 98, 297 P.2d 1116 (1956). Although the courts of this state have never held that a defendant has a constitutional right to be formally advised by the trial judge of the consequences of his plea, we have held that *if he is advised of the consequences of his plea the advice must be accurate. State v. Harvey,* 5 Wn. App. 719, 491 P.2d 660 (1971). In this case the advice given by the defendant's attorney was erroneous and misleading. The trial court also undertook to explain the consequences of a guilty plea, but imprisonment "for a period of years" falls dismally short of a satisfactory explanation of a statutory minimum sentence. The explanation was misleading as much for its inaccuracy as for its incompleteness. Ignorance and incomprehension are not the trademarks of an intelligent waiver, and a guilty plea based upon these infirmities cannot be said to be knowingly and voluntarily made. *See Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969).

Though a failure on the part of the trial judge to fully determine the voluntariness of a plea does not necessarily constitute a deprivation of due process of law, such a failure readily lends itself to such a claim. *Woods v. Rhay,* 68

Wn.2d 601, 414 P.2d 601 (1966). We are satisfied from the facts in the case at bench that defendant's guilty plea was not freely, unequivocally, knowingly and intelligently entered.

Defendant argues vigorously that an affirmative duty should be imposed upon a trial judge to require him to inform the defendant of the maximum possible sentence which can be imposed, and the mandatory minimum where applicable. This practice has obvious merit and seems a small burden to impose upon our criminal justice system. But it is not a requirement at present. *State v. White,* 5 Wn. App. 615, 489 P.2d 934 (1971). Revision of this procedure is more appropriately accomplished by amendment to our rules of criminal procedure.

From our review of all of the circumstances in this case we conclude that Lutton's plea of guilty was not voluntarily entered because he was not accurately advised of the consequences of his plea. We, therefore, vacate and set aside the judgment and sentence and allow the defendant to change his plea.

Reversed and remanded for proceedings consistent with this opinion.

PEARSON, C.J., and ARMSTRONG, J., concur.