[No. 3521-1.   Division One.   August 16, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN LEE LEWIS, *Appellant.*

*James R. Short, Gregory O. DeBay, Paul & Frost,* and *Michael A. Frost,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Roy N. Howson* and *Paul J. Bernstein, Deputies,* for respondent.

CALLOW, J.—The defendant appeals from a judgment and sentence entered upon pleas of guilty to the crimes of rape, robbery, and sodomy. We affirm.

On October 23, 1974, the defendant entered and the court accepted pleas of guilty to the crimes of rape, robbery, and sodomy. Prior to acceptance of the guilty pleas, the defendant signed a "Statement of Defendant on Plea of Guilty"

form pursuant to CrR 4.2(g) and was advised by the court that a plea of guilty waived his rights to the presumption of innocence, to trial by jury, to confront witnesses, to compel the attendance of witnesses, and to appeal. The defendant was not, however, advised by the court that a plea of guilty involved a waiver of the privilege against self-incrimination. The court also informed the defendant that he would be sentenced to serve the maximum prison term for the crimes, that the parole board would set the minimum term, and that neither the court nor the parole board would be bound to follow any sentencing recommendations by either the prosecution or the defense counsel.

The court then inquired into the defendant's age, education, intelligence, and the facts underlying the crimes charged in the information. The defendant was questioned concerning whether he forcibly took money from a male victim, had sexual intercourse with a female victim against her will, and forced the female victim to perform sodomy. The defendant responded affirmatively to the factual inquiry and then pleaded guilty to all three crimes.

Following a determination that the pleas were made without threats, promises, or coercion, and that two other counts of the amended information alleging second-degree assault and carnal knowledge plus the deadly weapon and firearm allegations would be dismissed, the court accepted the guilty pleas.

The defendant now appeals and attacks the propriety of the court's acceptance of the guilty pleas on two grounds.

The first issue raised is whether the trial court must specifically advise a defendant, before accepting a guilty plea, that entering a plea of guilty waives the Fifth Amendment privilege against self-incrimination. The defendant relies upon the principles of due process enunciated in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), and argues that the *Boykin* decision requires the trial judge to inform defendants of the waiver of the privilege against self-incrimination inherent in a plea of guilty before accepting the guilty plea. The defendant also

contends that the failure to advise the defendant of the waiver precluded the prerequisite determination, mandated by CrR 4.2(d), that the guilty plea be entered voluntarily, competently, and with a full understanding of both the nature of the charge and the consequences of the plea.

█ CrR 4.2(d) does specifically mandate:

(d) Voluntariness. The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

The rule provides "comprehensive protective requirements" carefully designed to insure the full protection of a defendant's rights prior to the trial court's acceptance of a guilty plea. *State v. Taylor*, 83 Wn.2d 594, 597, 521 P.2d 699 (1974); *State v. Armstead*, 13 Wn. App. 59, 533 P.2d 147 (1975). CrR 4.2(d) is, essentially, a paraphrasing of former rule 11 of the Federal Rules of Criminal Procedure[1] and was drafted with the specific intent to follow the former federal rule. *State v. Newton*, 87 Wn.2d 363, 552 P.2d 682 (1976); *Criminal Rules Task Force to the Washington Judi-*

---

[1] Prior to December 1, 1975, former rule 11 of the Federal Rules of Criminal Procedure read, in relevant part, as follows:

The court may refuse to accept a plea of guilty, and shall not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.

Fed. R. Crim. P. 11 has been amended, effective since December 1, 1975, and now does require federal judges to adhere to, among other requirements, the following procedure:

(c) Advice to Defendant. Before accepting a plea of guilty . . . , the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

. . .

(3) . . . and the right not to be compelled to incriminate himself; . . .

The Federal Rules of Criminal Procedure, however, are not mandatorily applicable to state criminal cases. *See Scranton v. Whealon*, 514 F.2d 99 (6th Cir. 1975), *cert. denied*, 423 U.S. 896, 46 L. Ed. 2d 129, 96 S. Ct. 198 (1975).

*cial Council, Washington Proposed Rules of Criminal Procedure* (1971), comment to rule 4.2 at page 48.

CrR 4.2(d) is, like the former Fed. R. Crim. P. 11, merely declaratory of the constitutional due process prerequisites to the court's acceptance of guilty pleas. Due process principles require that, prior to acceptance of a guilty plea, the trial judge must determine, and the circumstances reflected on the record must show, that the guilty plea was made freely, voluntarily, and intelligently with a full knowledge and understanding of the nature of the charge and the consequences of the plea. *Boykin v. Alabama, supra; Guthrie v. United States*, 517 F.2d 416 (9th Cir. 1975); *Miesbauer v. Rhay*, 79 Wn.2d 505, 487 P.2d 1046 (1971); *Woods v. Rhay*, 68 Wn.2d 601, 414 P.2d 601, *cert. denied*, 385 U.S. 905 (1966); *Lutton v. Smith*, 8 Wn. App. 822, 509 P.2d 58 (1973); *State v. Hadsell*, 6 Wn. App. 946, 497 P.2d 254 (1972); *State v. Harvey*, 5 Wn. App. 719, 491 P.2d 660 (1971); *State v. White*, 5 Wn. App. 615, 489 P.2d 934 (1971).

The consequences of a guilty plea include the waiver of certain constitutional rights which include the waiver of the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. *Boykin v. Alabama, supra.* The due process principles announced in *Boykin*, and the rule enunciated under former Fed. R. Crim. P. 11 (now paraphrased in our state rule CrR 4.2), do not require the trial judge to inform a defendant that the privilege against compulsory self-incrimination is waived upon a plea of guilty before the court may accept a plea of guilty. *Fontaine v. United States*, 526 F.2d 514 (6th Cir. 1975), *cert. denied*, 424 U.S. 973, 47 L. Ed. 2d 743, 96 S. Ct. 1476 (1976); *United States v. Gearin*, 496 F.2d 691 (5th Cir. 1974), *cert. denied*, 419 U.S. 1113 (1975); *McChesney v. Henderson*, 482 F.2d 1101 (5th Cir. 1973), *cert. denied*, 414 U.S. 1146 (1974); *United States v. Sherman*, 474 F.2d 303 (9th Cir. 1973); *Stinson v. Turner*, 473 F.2d 913 (10th Cir. 1973); *Wade v. Coiner*, 468 F.2d 1059 (4th Cir. 1972); *United States v. Frontero*, 452 F.2d 406 (5th Cir.

1971); *State v. White*, 5 Wn. App. 615, 489 P.2d 934 (1971). *Contra, In re Tahl*, 1 Cal. 3d 122, 460 P.2d 449, 81 Cal. Rptr. 577 (1969), *cert. denied*, 398 U.S. 911 (1970).

In rejecting an argument similar to the contention in this case, *State v. White* stated at pages 615-16:

> We do not believe *Boykin* establishes such a rigid rule. . . . While there is language in the majority opinion which indicates the judge has a duty to ascertain if the accused understands the nature of the plea and its consequences, it is nowhere stated that he has a duty to specifically inform the accused of the rights being waived and the consequences of the plea.

(Footnote omitted.) It was stated also in *United States v. Gearin, supra* at 696:

> Specific judicial incantations of constitutional rights is not the litmus test under Rule 11 or the Constitution.

Likewise, we find *United States v. Frontero* at page 415 refusing to adopt

> the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a "consequence", within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted. Carrying [the] argument to its logical conclusion, the court, before accepting a guilty plea, would be required to inform a defendant of his right to a speedy and public trial, his right to an impartial jury, his right to compulsory process for obtaining witnesses, his right to be free from cruel and unusual punishment, his right to be free from unreasonable searches and seizures, his right to have excluded from the trial any evidence illegally seized, and many more. We do not read Rule 11 as requiring this; nor do we feel that due process requires this. Kelly relies heavily, in fact solely, on Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as authority for this contention. This reliance is misplaced.

The failure of the trial judge to admonish the defendant that a plea of guilty necessarily waives the privilege against self-incrimination did not preclude the determination that the guilty plea was entered voluntarily, intelli-

gently, and with a full understanding of both the nature of the charge and the consequences of the plea.

■ The second issue presented is whether the trial court made a sufficient inquiry concerning the factual basis for the defendant's guilty plea.

CrR 4.2 (d) requires, in applicable part, that

The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

The necessary factual basis requirement of CrR 4.2 (d) may be established from any reliable source, even other than admissions of the defendant. Here, prior to acceptance of the defendant's plea of guilty, the trial judge specifically asked the defendant whether he had had sexual intercourse and committed sodomy with the female victim and forcibly took money from the male victim. The defendant responded affirmatively in his own words. We commend the practice of requiring a defendant to state in his own words exactly what he did that constituted the crime to which he has just pleaded guilty. Further, on the "Statement of Defendant on Plea of Guilty" form which the defendant signed in open court, he wrote, in his own words, that he had had sexual intercourse and committed sodomy with the female victim and helped forcibly take money from the male victim. The defendant's own admissions satisfied the factual basis requirement of CrR 4.2 (d).

The judgment and the sentence entered upon the plea of guilty are affirmed.

FARRIS and SWANSON, JJ., concur.