[No. 9798-9-I. Division One. April 19, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. ALLAN JAY LUTHER, *Appellant*.

*Fred Leatherman* and *Terrence Kellogg,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

JAMES, J.—Allan J. Luther appeals his conviction for violation of the Uniform Firearms Act, RCW 9.41.040.[1]

Luther was arrested at a private residence on August 10, 1980, by King County police officers executing an outstanding felony warrant. Officers found Luther hiding beneath one of the beds and found a loaded pistol in the slats of that bed about 10 inches from where Luther's head was at the time of arrest.

To establish the requisite prior crime of violence, the State introduced Luther's 1979 second degree burglary conviction and Luther's 1980 conviction for three counts of second degree burglary. Both convictions were based upon guilty pleas. After hearing, the trial judge entered findings of fact and conclusions of law adverse to Luther's contention that these guilty pleas were constitutionally invalid.

In a prosecution under RCW 9.41.040, the State is required to prove the existence of a constitutionally valid conviction for a crime of violence, and the constitutionality of that conviction must be established beyond a reasonable doubt. *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980). The State contends, however, that the analysis adopted by our Supreme Court in *Swindell* is inconsistent with the decision of the United States Supreme Court in *Lewis v. United States,* 445 U.S. 55, 63 L. Ed. 2d 198, 100 S. Ct. 915 (1980), construing a federal firearms possession statute. We have previously commented upon an appear-

---

[1]RCW 9.41.040 provides:

"No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control."

ance of inconsistency between these decisions, albeit in another context. *In re Bush,* 26 Wn. App. 486, 496, 616 P.2d 666 (1980), *aff'd,* 95 Wn.2d 551, 627 P.2d 953 (1981). We decline to undertake additional discussion unnecessary to the disposition of this case.

A defendant who pleads guilty waives his constitutional rights to a jury trial, to confront his accusers, and to assert his privilege against self–incrimination. *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Luther does not contend he was unaware of these rights. He argues only that his 1979 and 1980 guilty pleas could not be knowing, intelligent, and voluntary unless he was further advised that the jury's verdict must be unanimous. We do not agree.

As we recognized in *State v. Lewis,* 16 Wn. App. 132, 553 P.2d 127 (1976), to require that the constitutional validity of a guilty plea hinge upon express articulation of all rights waived by that plea would necessitate advisement of a virtually unlimited number of such rights. We are satisfied that failure to advise of each conceivable incident of a jury trial, including a unanimous jury verdict, does not bear upon the constitutional validity of a guilty plea. The record here supports the trial court's conclusion that the pleas were constitutionally valid.

CrR 4.2(d) requires the trial judge, before accepting a guilty plea, to determine if "there is a factual basis for the plea." Thus, the judge must determine that the defendant's admitted conduct constitutes the charged offense. This inquiry protects a defendant ""'"who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."'" *In re Keene,* 95 Wn.2d 203, 209, 622 P.2d 360 (1980). Luther contends that the record fails to establish an adequate factual basis for either guilty plea. We do not agree.

Luther's brief does not quote his 1980 plea statement, which Luther characterizes as a purely conclusory admission that he committed burglary. Such a conclusory

plea statement would be inadequate to provide a factual basis for entry of a guilty plea. *State v. Powell,* 29 Wn. App. 163, 165, 627 P.2d 1337 (1981) (statement that "'I did participate in the 1 [degree] murder of Charles Allison" is mere conclusion of law and fails to set forth any element of the offense). We are persuaded, however, that Luther's characterization of his plea statement is a misleading one.

Luther's plea statement was as follows:

I burglarized houses in King County on October 4, 1979 at 27051 211th SE, Kent, and on October 2, 1979 at 28226 SE 208th, Maple Valley and on September 26, 1979 at 19022 Lake Francis Road, SE, Maple Valley. I broke into these houses intending to steal items.

Finding of fact No. 11. Luther thereby admits he "enter[ed] or remain[ed] unlawfully in a building ["I broke into these houses"] with intent to commit a crime against a person or property therein ["intending to steal items", thus theft]." These are the elements of second degree burglary. RCW 9A.52.030.

Luther's 1980 conviction for a second degree burglary establishes "a crime of violence" required for conviction under RCW 9.41.040. Because only one prior conviction is necessary for conviction under RCW 9.41.040, this conclusion is dispositive of the appeal.

The judgment is affirmed.

RINGOLD and CORBETT, JJ., concur.