[No. 12251-7-I. Division One. February 21, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. ARTHUR LEONARD HEAPS, *Appellant.*

*Li, Klein & Chow* and *Valerie A. Bell,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Deputy,* for respondent.

DURHAM, C.J.—Arthur L. Heaps appeals his adjudication as a habitual criminal, alleging the constitutional invalidity of the underlying felony convictions used in the habitual offender proceeding. We affirm.

Heaps was convicted of first degree robbery and attempted robbery in King County on January 21, 1982. He was then charged by supplemental information with being a habitual criminal. The habitual criminal charge was based upon four out–of–state felony convictions—two Utah convictions for theft and burglary and two California forgery convictions. The California convictions were entered upon a guilty plea, and the Utah convictions were obtained after a

jury trial. Both the California and Utah convictions were admitted at the habitual offender proceeding, and Heaps was sentenced to life imprisonment on the substantive counts, the sentences to run concurrently.

On appeal, Heaps contends that his four prior convictions were erroneously admitted for the following reasons: (1) The Utah theft conviction does not constitute a felony in Washington, (2) the Utah burglary conviction was constitutionally defective, and (3) the California forgery guilty pleas were improperly entered. We shall discuss these arguments in order.

## UTAH THEFT CONVICTION

Heaps first contends that it was error to use the Utah theft conviction to support habitual criminal status because that conviction does not constitute a felony in Washington. We disagree.

■ The test for determining the sufficiency of a foreign conviction for purposes of the habitual offender statute is if the indictment or information under which the defendant was convicted states facts which would constitute the minimum elements of felony in Washington. *State v. Rinier*, 93 Wn.2d 309, 312, 609 P.2d 1358 (1980); *State v. Loux*, 24 Wn. App. 545, 604 P.2d 177 (1979). Here, Heaps was indicted in Utah for burglary and theft. Both the information and the complaint alleged that (1) Heaps and a codefendant entered a dwelling with the intent to commit a theft (burglary), and that (2) Heaps and the codefendant obtained firearms from the owner of the dwelling with the intent to deprive him thereof (theft). The complaint specifically alleged that Heaps and the codefendant were seen kicking in the door of a residence, removing guns and other property, and were arrested one–half mile from the scene with the property in their possession.

The trial court ruled that Heaps' conduct amounted to possession of stolen property in the second degree, a felony in Washington. *See* RCW 9A.56.160(1)(e), (2); RCW 9A.56-.140(1). Heaps contends, however, that because theft does

not necessarily entail the concept of possession, it cannot be said that his activities would necessarily amount to a felony in Washington. Heaps relies almost exclusively on *State v. Hite,* 3 Wn. App. 9, 472 P.2d 600 (1970), *cert. denied,* 403 U.S. 933 (1971). In *Hite,* the Court of Appeals held that mere evidence of a defendant's act of stealing would not in itself be sufficient to sustain a conviction for receiving stolen property, since receiving is not inherent in evidence of taking. *Hite,* at 13. *Accord, State v. Richards,* 27 Wn. App. 703, 621 P.2d 165 (1980).

Appellant's reliance on *Hite* is misplaced. While it may be true that evidence of taking does not necessarily establish possession, the particular facts underlying Heaps' Utah theft conviction are clearly sufficient to establish the crime of possession of stolen property. RCW 9A.56.160 states that:

> (1) A person is guilty of possessing stolen property in the second degree if: . . .
> (e) He possesses a stolen firearm.

"Possessing stolen property" is defined as:

> [K]nowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto.

RCW 9A.56.140(1). Applying the test set forth in *Rinier,* it is clear that the information and complaint stated facts that would amount to possession of stolen property. The issue is not whether, in the abstract, theft "necessarily" establishes possession. Rather, the court must look to the specific facts stated in the indictment or information that underlie the conviction. *See State v. Tribble,* 26 Wn. App. 367, 371–72, 613 P.2d 173 (1980).[1] The facts stated in the

---

[1] In any event, no suggestion was made that the *burglary* conviction was not a felony under Washington law. Thus, even if the theft conviction could not be used, the burglary conviction would stand as the requisite third felony under the habitual offender statute. Although convictions entered on the same day are treated as one conviction for purposes of the statute, *see State v. Rinier,* 93

complaint indicate that Heaps was found in possession of stolen firearms. They also indicate that he participated in the actual theft, which gives rise to an inference that he knew the firearms were stolen. *See Richards,* at 707.

## UTAH BURGLARY CONVICTION

Heaps next challenges the use of the Utah burglary conviction to establish habitual criminal status, alleging that it was obtained pursuant to jury instructions that unconstitutionally shifted the burden of proof and obscured the reasonable doubt standard. Heaps relies on *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980), which held that the State has the burden of establishing the constitutional validity of guilty pleas used in habitual criminal proceedings. Heaps asserts that limiting *Holsworth* to guilty pleas is inconsistent with its underlying rationale that the use of any unconstitutional conviction to establish habitual criminal status "renews" the constitutional deprivation.

*Holsworth* held that a defendant in a habitual offender proceeding can challenge the use of a conviction based upon a guilty plea which was accepted without a showing on the record that the plea was obtained knowingly and voluntarily. *See Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). *Holsworth* was itself based upon the Supreme Court's reasoning in *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), which held that evidence of a prior conviction by guilty plea obtained without the assistance of counsel could not be used for purposes of enhanced sentencing. The Court reasoned that such use not only would erode the principle of *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963), but would cause a specific federal right to be "denied anew." The court in *Holsworth* simply extended this reasoning to guilty pleas, holding that "violation of the defendant's constitutional rights is 'renewed' through use in a habitual criminal proceeding of an unin-

Wn.2d 309, 314, 609 P.2d 1358 (1980), this does not mean that both convictions are unusable if one is invalidated.

formed guilty plea which thus violates due process." *Holsworth,* at 157. Because Heaps alleges that his Utah convictions were tainted by jury instructions that unconstitutionally shifted the State's burden of proof under *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979), he argues that *Holsworth* precludes the use of these convictions to support habitual offender status.

■ Although the federal courts have been willing to extend *Burgett* to some other types of constitutional violations on this basis,[2] we decline appellant's invitation to so extend *Holsworth.* In *State v. Serr,* 35 Wn. App. 5, 664 P.2d 1301, *review denied,* 100 Wn.2d 1024 (1983), the defendant claimed that he was denied due process of law because convictions resulting from allegedly unconstitutional jury instructions were used in his habitual offender proceeding. The defendant, however, failed to demonstrate that he objected to the use of these convictions at the habitual offender proceeding. This court held that the defendant could not raise his *Holsworth* claim for the first time on appeal. In so doing, the court distinguished *State v. Williams,* 98 Wn.2d 428, 656 P.2d 477 (1982), which held that a defendant may challenge for the first time on appeal invalid *guilty pleas* used to establish habitual offender

---

[2]In *Beto v. Stacks,* 408 F.2d 313 (5th Cir. 1969), the court held that prior convictions invalid under the Fourth Amendment could not be used for sentence enhancement purposes. The court refused to distinguish *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), on the ground that Fourth Amendment violations are of less importance than right to counsel violations. It noted that while the use of unconstitutionally obtained evidence would probably not affect the integrity of the fact–finding process, *Burgett* did not rely on such a constitutional hierarchy. *Stacks,* at 316. The Court read *Burgett* as proscribing the use of all constitutionally infirm convictions for sentencing purposes. Some federal courts have rejected *Stacks* as applied to Fourth Amendment violations, *see, e.g., United States v. Penta,* 475 F.2d 92 (1st Cir.), *cert. denied,* 414 U.S. 870 (1973), on the ground that such violations are unrelated to the fairness of the trial.

Although the federal courts have never addressed this question as applied to *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979) violations, the Supreme Court recently indicated that jury instructions that shift the burden of proof will rarely amount to harmless error. *See Connecticut v. Johnson,* 460 U.S. 73, 74 L. Ed. 2d 823, 103 S. Ct. 969 (1983).

status. The court reasoned that guilty pleas involve different considerations than convictions by a jury, and expressed considerable reluctance to extend *Williams* and *Holsworth.*

We are equally reluctant to do so here. Although the State is incorrect in asserting that extending *Holsworth* to all unconstitutional convictions would be tantamount to allowing collateral attacks on sister state judgments,[3] such a holding would nonetheless place an extraordinary burden upon our already overworked trial courts. Trial judges in habitual criminal proceedings would essentially be required to perform an appellate review function in almost every case, as defendants would no doubt raise every conceivable constitutional error, real or imagined. Absent further clarification regarding the import of *Holsworth* by the Supreme Court, we are not inclined to extend it beyond its facts under these circumstances. Because we hold that *Holsworth* is limited to guilty pleas, we need not address appellant's constitutional challenges to the Utah convictions. Their use in the habitual criminal proceeding was proper.

## CALIFORNIA GUILTY PLEAS

Finally, Heaps alleges that there was not a sufficient factual basis for his guilty plea to the California forgery charges. We reject this contention.

Before accepting a guilty plea, the trial judge must determine, on the record, that the defendant has an understanding of the law in relation to the facts, and that the conduct the defendant admits to constitutes the offense charged. *In re Keene,* 95 Wn.2d 203, 209, 622 P.2d 360

---

[3]*Holsworth* itself made clear that challenging a prior conviction in a habitual offender proceeding is not a collateral attack, because a successful challenge does not overturn the conviction. Rather, the challenge merely seeks to foreclose the present use of the conviction to establish habitual offender status. *See State v. Holsworth,* 93 Wn.2d 148, 154, 607 P.2d 845 (1980). For the same reason, the State is incorrect in asserting that extending *Holsworth* would violate the policies underlying full faith and credit.

(1980); CrR 4.2(d).[4] The court need only be convinced that there is sufficient evidence for a jury to conclude that the defendant is guilty, *State v. Newton,* 87 Wn.2d 363, 370, 552 P.2d 682 (1976), and the factual basis can be established from any reliable source, so long as the material relied upon is part of the record. *Keene,* at 210 n.2. Where the defendant's statements describing his conduct amount to mere conclusions of law, however, a sufficient factual basis has not been established. *See In re Taylor,* 31 Wn. App. 254, 259, 640 P.2d 737 (1982).

During the plea proceedings, the following colloquy took place between Heaps and the prosecutor:

> MR. SUNDSTEDT: Is it true that on the 4th day of October, 1973 in the County of Los Angeles you did willfully and unlawfully fraudulently make, alter and forge a check in the amount of $126.79 with the intent to cheat and defraud Patricia Heaps and Better Food Market?
>
> THE DEFENDANT: Yes.
>
> MR. SUNDSTEDT: And is it true that on the 5th day of October, 1973 in the County of Los Angeles you did willfully and unlawfully fraudulently make, alter and forge a counterfeit—or a check in the amount of $101.00 with the intent to cheat and defraud Patricia Heaps and Boys Market?
>
> THE DEFENDANT: Yes.

Exhibit 2, at 8. Heaps characterizes this as merely a legal conclusion, and states that it includes terms of art such as "make," "alter" and "forge" that are potentially confusing as to their legal significance. This argument is meritless. In *State v. Luther,* 31 Wn. App. 589, 643 P.2d 914 (1982), precisely the same argument was made with respect to the following plea statement:

> I burglarized houses in King County on October 4, 1979 at 27051 211th SE, Kent, and on October 2, 1979

---

[4]CrR 4.2 states in relevant part:

"**(d) Voluntariness.** The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

at 28226 SE 208th, Maple Valley and on September 26, 1979 at 19022 Lake Francis Road, SE, Maple Valley. I broke into these houses intending to steal items.

*Luther,* at 592. The court found that this plea statement did not amount to a legal conclusion, but evinced an awareness of the relationship between the law and the underlying facts. Similarly, Heaps' colloquy with the prosecutor indicates that he made or forged checks for the purpose of defrauding the true owner of the money. The trial court correctly found that words such as "forge," "cheat" and "defraud" are common terms within a layman's understanding, and that a sufficient factual basis for the plea existed.

The judgment is affirmed.

SWANSON and CALLOW, JJ., concur.

Review denied by Supreme Court April 20, 1984.